MARK R. TENNANT, GEORGE A. CHALKER, JAMES E. BEARDSLEY, THAD H. CARLTON, and H. L. LYONS, as and Constituting the Board of Commissioners of Everglades Drainage District, and C. H. REEDER, Secretary, and K. M. REEDER, Treasurer and Assistant Secretary thereof, v. UNITED STATES SUGAR CORPORATION.

198 So. 498
En Banc
Opinion Filed October 8, 1940

*John D. Kennedy,* for Appellants;

*Evans, Mershon & Sawyer, M. L. Mershon, Elliott Dunwoody* and *Thos. McE. Johnston,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree of the Circuit Court enjoining the Board of Commissioners of Everglades Drainage District from certifying certain lands therein described to the Tax Assessor of Palm Beach County to be listed on the tax roll for collection of drainage taxes for the years 1933, 1934, 1935, 1937 and 1938.

Appellants contend that the decree appealed from should be reversed because it has the effect of enjoining the execution of the peremptory writ of mandamus issued by this Court January 10, 1940, in the case of State *ex rel.* Neafie v. Board of Commissioners of Everglades Drainage District, 190 So. 712, wherein the identical lands for the years designated were required to be listed and published as a prerequisite to the collection of drainage taxes thereon as required by Section 1537, Compiled General Laws of 1927.

If the command of the peremptory writ had been final, there would be substance to this contention but that is not the case. After making up and certifying the lists as the law requires, the Board of Commissioners of Everglades Drainage District is required to exempt all lands therefrom not subject to taxation and when advertised, they are required to sit and hear objections or complaints thereto and make such revision as to them seems advisable. In this situation, the board had a discretion to exercise and if exercised improperly it could be controlled by proper legal process.

It appears that appellee had prosecuted to final decree a suit to foreclose certain tax certificates for nonpayment of State and county taxes, that said certificates described the identical lands involved in this case, that the Board of Commissioners of Everglades Drainage District was made a party defendant to said suit which is now pending on appeal to this Court, entitled H. C. Rorick, *et al.*, v. Reconstruction Finance Corporation, *et al.*

By the final decree in the last cited cause which was not appealed from, the chancellor foreclosed and cancelled all taxes levied against the lands described in the certificates (they being the identical lands involved in this suit) for the year 1938 and prior years including Everglades Drainage District taxes. Appellant contends that said decree only reached Everglades Drainage District taxes which had actually been spread upon the tax rolls pursuant to Chapter 17902, Acts of 1937, which was held invalid in the Neafie case, *supra*. The Court further held in the Neafie case that the drainage taxes should have been imposed under Chapter 10026, Acts of 1925.

In our view, the final decree of foreclosure affected Everglades Drainage District taxes as if they had been imposed by Chapter 10026, Acts of 1925, for the year 1938 and prior years, since the taxes are levied direct by the Legislature and that the Board of Commissioners of Everglades Drainage District should now be permitted to amend their petition to participate in the surplus funds accordingly. Chapter 17902, Acts of 1937, having been held inapplicable is void from its inception and not from the time it was declared to be unconstitutional.

All other questions raised, including that of the status of State and county tax liens as compared with Everglades Drainage tax liens that may be involved in this case are

controlled by our opinion in H. C. Rorick, *et al.,* v. Reconstruction Finance Corporation, decided this date.

Subject to such limitation as the last cited case imposes the judgment appealed from is affirmed.

Affirmed.

WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in the judgment of affirmance.