122 So.2d 623 (1960)
Maurice S. LIPKIN and Mary Lipkin, His Wife, Appellants,
v.
BONITA GARDEN APARTMENTS, INC., a Florida Corporation, Appellee.
No. 59-742.
District Court of Appeal of Florida. Third District.
August 19, 1960.
Rehearing Denied September 21, 1960.
*624 Theodore R. Nelson and Leonard Spielvogel, Miami Beach, for appellants.
Miller & Podell, Miami Beach, for appellee.
ODOM, ARCHIE M., Associate Judge.
Appellee leased an apartment to appellant for a term of thirteen months by written agreement, executed by the parties, but subscribed to by only one witness. Appellants went into possession under the terms of the lease and remained in possession for five months paying the specified rent before vacating the premises and ceasing to pay the rental payments as they became due.
Appellee brought this action claiming damages for the rent which was due under the terms of the lease. Appellants answered and counterclaimed for the return of the security deposit given under the terms of the lease. The trial court granted appellee's motion for summary judgment based on the pleadings, interrogatories of appellants and the deposition of a witness.
Appellants contend that the lease was void because it was executed by an agent of the corporation and was subscribed by only one witness. Section 689.01, Fla. Stat., F.S.A., provides that conveyances of an estate or interest in realty for a term of more than one year shall be by instrument in writing signed in the presence of two subscribing witnesses. We hold that the defendant-lessees were estopped by their conduct to contend that the lease was invalid. It is undisputed that they accepted the lease from the corporate lessor, took possession and occupancy of the subject apartment, orally requested permission to move to another apartment in the same building and, the lessor having consented, occupied the second apartment under the same terms and conditions stipulated in the lease of the first apartment, and made rental payments for a portion of the term of the lease.
In Gill v. Livingston, 158 Fla. 577, 29 So.2d 631, the Supreme Court of Florida enforced a lease for a term of five years with but one subscribing witness. In that case, the chancellor had ruled that despite the defective attestation, the lease was "`valid and binding upon the parties thereto in all respects according to its terms and provisions.'" The Supreme Court in passing on the ruling of the chancellor stated:
"In Steen v. Scott, 144 Fla. 702, 198 So. 489, we held that a married woman owning property as her separate estate who accepted rent from a lessee for years was estopped to contend that the lease was invalid because of the failure of the notary to certify that the wife acknowledged execution of the lease separate and apart from her husband as required by statute. Upon that authority we hold that the defendants below are estopped from contending that the lease here involved is invalid for the reason that it was executed in the presence of only one subscribing witness. In the situation before us, only the parties are involved, and as a matter of fact all four defendants were physically present at the time of execution of the lease, and might have subscribed as witnesses to the signature of each other. They have accepted benefits under the lease, have placed the lessee in possession, have negotiated to convey the lands subject to the lease, and in all respects have recognized it as being an effective conveyance, and in equity they ought not to be permitted to disavow it now."
The trial court was correct in holding that the lease in the case at bar was enforceable even though the attestation was defective.
The record in this case is sufficient to support the summary judgment appealed from; therefore, this case is affirmed.
Affirmed.
HORTON, C.J., and PEARSON, J., concur.