143 So.2d 825 (1962)
Dr. Evangelo ARVANETES and Dr. Francis Edward Davis, Appellants,
v.
Henry GILBERT and Sarah Gilbert, His Wife, Appellees.
No. 61-830.
District Court of Appeal of Florida. Third District.
August 28, 1962.
Rehearing Denied September 14, 1962.
Alan H. Rothstein, Miami Beach, for appellants.
Snyder, Young & Stern and Malcolm H. Fromberg, North Miami Beach, for appellees.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellants, who were plaintiffs and counter-defendants below, seek review of an adverse summary final decree entered in an action brought to determine their liability under a written lease.
On February 18, 1959, appellants as lessees entered into a written five-year lease with William and Rose Goldstein which called for the payment of rent in equal monthly installments. The lease was signed by the appellants and William Goldstein, but there were no subscribing witnesses. Appellants took possession of the leased premises and began making rental payments. On May 31, 1960, the Goldsteins assigned their interest in the lease to the appellees. This assignment was in writing and signed by the parties, but there were no subscribing witnesses. At the time of execution of the assignment, appellants were still making monthly rental payments though they had sublet the premises. In March of 1961, the appellants abandoned the premises and discontinued the monthly rental payments. As a result, the appellees brought suit in the small claims court for the payments due in April and May, 1961. Subsequently, the *826 appellants brought this action in the circuit court seeking a declaration of rights and liabilities and cancellation of the lease. The complaint alleged, inter alia, that the lease was not binding since it did not contain the signatures of two subscribing witnesses and that in any event it was terminated upon appellants' vacation of the premises in conformance with the terms of a contemporaneous oral agreement between appellants and the Goldsteins. A copy of the lease was attached to the complaint. Paragraph 10 of the lease provided in part:
"If the Lessee shall abandon, vacate or remove the major portion of the goods * * * usually kept on said premises when the same is open for business and shall cease doing business in said premises, then * * * this Lease shall immediately become cancelled and null and void, and all payments made by said Lessee shall be retained by the Lessor as payment in full for the period of time the premises are occupied by the Lessee * * *."
Paragraph 22 of the lease provided in part:
"* * * No surrender of the demised premises for the remainder of the term hereof shall be valid unless accepted by the Lessor in writing."
The complaint did not refer to either of these paragraphs.
The appellees answered in the form of a general denial, alleging as an affirmative defense that the appellants were estopped to deny the validity of the lease. They counterclaimed seeking the entire amount due under the terms of the lease. Appellants filed a reply to the counterclaim alleging as an affirmative defense an oral agreement with the Goldsteins to the effect that if "the Plaintiffs determined in their mind that this location described in the lease, was unsatisfactory * * * they would not be bound to stay on the premises and could freely leave * * * with no further obligation to the original lessors despite the purported lease." Both parties moved for summary decree. In support of their motion, appellants filed an affidavit reciting, inter alia, that the alleged oral agreement was incorporated into the lease as paragraph 10 thereof. Up to this point, neither party had attempted to make any correlation between the lease and the oral agreement. After hearing, the chancellor entered the final decree appealed denying appellants' motion for summary decree and granting summary decree in favor of the appellees.
Appellants contend that both the original lease and the assignment by the Goldsteins to the appellees are void and unenforceable since they do not bear the signatures of two subscribing witnesses as required by § 689.01, Fla. Stat., F.S.A. We find this contention to be without merit.
It is undisputed that the appellants accepted the lease from the lessor, took possession and occupancy of the subject premises, sublet them to a third party, and made rental payments for a substantial portion of the term of the lease. We hold that they are estopped by this conduct to contend that the lease and assignment were invalid under the provisions of § 689.01, supra. See Lipkin v. Bonita Garden Apartments, Inc., Fla.App. 1960, 122 So.2d 623; Gill v. Livingston, 158 Fla. 577, 29 So.2d 631; and Steen v. Scott, 144 Fla. 702, 198 So. 489.
Appellants further contend the record indicates that as a matter of law the lease was terminated in accordance with the terms of their oral agreement with the Goldsteins which is evidenced by paragraph 10 of the written lease attached as an exhibit to their complaint.[1] Appellees assert that it would be a violation of Rule 1.8(d) Florida Rules of Civil Procedure, 30 F.S.A., and the pronouncements of this court in Fink v. Powsner, Fla.App. 1958, 108 So.2d 324, to allow appellants to rely on what amounts to an affirmative defense first interjected into these proceedings by affidavit *827 in opposition to appellees' motion for summary judgment. A resolution of the conflict between these contentions is unnecessary since the provisions of the written lease, which must be read in their entirety, render the appellants' position untenable.
Paragraph 22 of the lease requires a written acceptance by the lessor as a condition precedent to termination of the lease by the lessee's surrender or abandonment of the premises. The appellants have not shown, nor does the record indicate, that their surrender of the premises for the remainder of the term was accepted in writing. Thus, even if we were to reject the appellees' contention and permit the appellants to rely upon paragraph 10 of the lease, we would be forced to conclude, as did the chancellor, that the appellants' abandonment and surrender of the premises did not terminate the lease.
We have considered the appellants' remaining contentions and found them to be without merit. Accordingly, the final decree appealed is affirmed.
Affirmed.
NOTES
[1] Since a copy of the lease was attached to the complaint, it must be considered a part thereof for all purposes. Rule 1.10(b) Florida Rules of Civil Procedure.