RAWLS, Judge.
Defendant, Besco Electric Supply Company, has appealed from a final summary judgment in favor of the plaintiffs, Mr. and Mrs. Moses.
The primary question is whether a lessor can enforce the terms of a five-year lease not signed by the lessee.
Pursuant to the terms of a five-year written lease Besco Electric on November 1, 1959, occupied a store owned by Mr. and Mrs. Moses. In 1963 Besco Electric needed more space and Moses moved out an adjoining tenant, remodeled the premises, and surrendered possession to Besco. Under the 1959 lease Besco paid $300.00 per month rent and had paid the last month’s rent in advance. Prior to taking possession of the additional space, Moses submitted to Besco a revised lease dated July 19, 1963, to be effective August 1, 1963. Robert M. Braun, president of Besco, by letter dated July 23, 1963, refused to consider signing the lease until the building was available, the remodeling done to its satisfaction, and for the reason that it required the first and last month’s rent paid in advance. Braun, by deposition, testified the remodeling was not satisfactory, that he continuously refused to sign another lease and the parties had a verbal agreement that he would pay $150.00 per month rent for the additional space. The unsigned 1963 lease provided for total rent of $450.00 per month until November 1, 1964 (the date of the expiration of the 1959 lease), and $500.-00 per month for the following five years. After taking possession of the enlarged store, Braun paid $450.00 until November 1964, when Moses demanded an additional $50.00 which Braun paid. Thus, Besco paid the same monthly rent as that specified in the unsigned lease but did not comply with the terms of the lease requiring that the last month’s rent be paid in advance. On June 14, 1966, Besco Electric notified Moses in writing that it would vacate the premises July 31, 1966. All rent was paid through that date, and Besco moved out. On July 5, 1966, Moses advised Braun that he refused to accept relinquishment and would hold him accountable under the terms of the 1963 lease which was executed by the lessors but nof by the lessee.
Moses testified in his deposition that Braun promised to sign the 1963 lease on two occasions, but he didn’t press him because he was such a perfect tenant. We note further that Moses also did not press Braun to comply with the other terms of the unsigned lease such as prepayment of the first and last month’s rent.
Moses brought this action to recover damages for breach of a lease for the difference in the rents he received and the rents *7 specified in the 1963 lease, plus cost of remodeling for present tenants. Besco affirmatively pleaded that the statute ' of frauds applied because the 1963 lease was never executed by it.
Section 725.01, Florida Statutes, F.S.A., provides:
“No action shall be brought * * * upon any contract for the sale of lands, * * * or for any lease thereof for a period longer than one year, . * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith * *
The appellees rely upon a line of cases wherein the lessee signed the lease hut it was defective because of the absence of two subscribing witnesses. It was held that such a lessee, who occupied the premises and complied with the terms of the lease, was estopped to claim its invalidity. Lipkin v. Bonita Garden Apartments, Inc., 122 So.2d 623 (Fla.App.3d 1960). In the instant case there was no estoppel. Appellees’ complaint and the evidence reflect that under the terms of the unsigned lease rent was to be increased to $450.00 per month on Aug-gust 1, 1963, whereas appellant actually paid only $300.00 per month until October 1, 1963. The uncontradicted evidence is that the lessee did not comply with the requirement that the last month’s rent be paid in advance. Furthermore, there is no evidence that the lessee complied with the lease provision requiring that it purchase general liability insurance for the benefit of both the landlord and the tenant, this being a provision not contained in the 1959 lease. The evidence is clear that the parties did not operate under the terms of the unsigned lease.
The only note or memorandum signed by the lessee is Mr. Braun’s letter of July 23, 1963, which reflects that the parties were not in agreement as to the terms of the lease, if indeed there had been an agreement to enter into a lease. The instrument being an executory contract for more than one year, it is clearly within the terms of the statute. The judgment is
Reversed.
JOHNSON, C. J., and SPECTOR, J., concur.