**In re BELIZE AIRWAYS LIMITED, Debtor.**

**William D. SEIDLE, as Trustee for the Estate of Belize Airways Limited, Plaintiff,**

v.

**AEROSERVICE INTERNATIONAL INCORPORATED, Defendant.**

Bankruptcy No. 80–00199–BKC–SMW. Adv. No. 81–0005–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

June 26, 1981.

Robert C. Maland, Miami, Fla., for defendant.

Timothy J. Norris, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came to be heard upon Plaintiff's Complaint to obtain declaratory relief and to avoid transfers and was tried by the Court on March 10 and May 26, 1981. The Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

On February 25, 1980, an involuntary petition was filed against Belize Airways Limited (hereinafter, "BAL"). Thereafter, William D. Seidle (hereinafter, "the Trustee") was appointed Chapter 11 Trustee, in which capacity he instituted this adversary proceeding. (Subsequently, the case was converted to a case under Chapter 7, and Mr. Seidle became the Trustee under Chapter 7.) This civil action was instituted by the Trustee to declare invalid a sublease agreement between the Defendant and BAL, to have another agreement between the Defendant and BAL declared to grant no possessory rights in real property, and to avoid transfers pursuant to 11 U.S.C. Sec. 544. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. Sec. 1471(b).

In 1977 BAL entered into an agreement for the sublease of Hangar 8 at Miami International Airport from Pan American World Airways, Inc. (hereinafter, "Pan Am"). (This sublease was assumed by the Trustee and after the commencement of this action was assigned to Air Florida, Inc.) On February 14, 1979, BAL and the Defendant executed two agreements, one captioned "Agreement" and the other captioned "Agreement of Sublease". Because the terms of the sublease between Pan Am and BAL required the prior written consent of Pan Am for the assignment or sublease of any of BAL's rights in Hangar 8, BAL sought Pan Am's approval of the Agreement of Sublease. The Agreement was devised to give the Defendant a non-possessory right to use certain facilities within Hangar 8 pending Pan Am's approval of the Agreement of Sublease. Pan Am acknowledged receipt of the Agreement of Sublease and stated that its approval or disapproval would be forthcoming. In fact, Pan Am never approved or disapproved of the Agreement of Sublease (at least prior to the commencement of this case on February 25, 1980) and has never given any approval or disapproval in writing. At some point in time in February or March of 1979, the Defendant began using certain of the facilities in Hangar 8 and certain office space in Hangar 8, and it has continued to use the office space to the present time. Neither the Agreement nor the Agreement of Sublease ever were recorded in the public records of Dade County, Florida, the county in which Hangar 8 is located.

Subsequent to the Trustee's assumption of the sublease between BAL and Pan Am, the Trustee, with the Court's approval, rejected the Agreement and the Agreement of Sublease between BAL and the Defendant. The Defendant then asserted a right to remain in possession of the premises pursuant to 11 U.S.C. Sec. 365(h). This adversary proceeding resulted.

 The Trustee asserts that the Defendant has no right to remain in possession under Sec. 365(h) under the Agreement, because the Agreement, by its own terms, states that it is a non-possessory right to use certain facilities. The Court agrees. Inherent in a leasehold interest is the right to possession, and something less than a right to possession cannot constitute a lease. See 49 Am.Jur.2d "Landlord and Tenant" Sec. 5. Since the Agreement is not a lease of real property, but instead merely an executory contract, the Defendant has no right under Sec. 365(h) to remain in possession after the Trustee's rejection of the Agreement.

 The Trustee also asserts that the Defendant has no right to remain in posses-

sion of the premises under Sec. 365(h) because the Agreement of Sublease is invalid for the reasons that Pan Am never gave its approval of the Agreement of Sublease, and, alternatively, the Agreement of Sublease was not signed by BAL in the presence of two subscribing witnesses, as required by Sec. 689.01, *Florida Statutes.* Here, the Court disagrees. If Pan Am never gave its written approval of the Agreement of Sublease, then the Agreement of Sublease may be voidable at the election of Pan Am. However, as between the Trustee (who here occupies no better position than would BAL) and the Defendant, the Agreement of Sublease is valid even without the landlord's consent. *See Great Southern Aircraft Corp. v. Kraus*, 132 So.2d 608 (Fla.3d DCA 1961); Annotation, 148 A.L.R. 1361 (1944). Likewise, the failure to have two subscribing witnesses to the execution by BAL is not fatal. It has been held that that statutory requirement may be waived by the accepting of rent and performing under a lease. *See Gill v. Livingston*, 158 Fla. 577, 29 So.2d 631 (1947). The Court finds that BAL did accept rent from the Defendant and did accept performance under the Agreement of Sublease, which conduct by BAL constitutes a waiver of the statutory requirement. Accordingly, the Court concludes that the Trustee is not entitled to a declaration that the Agreement of Sublease is invalid under Florida law.

The Trustee has attacked the Agreement and the Agreement of Sublease on alternative grounds: He states that because the Agreement and the Agreement of Sublease were not recorded according to law, they thus are voidable pursuant to 11 U.S.C. Sec. 544(a)(3). The Defendant raises three basic defenses in its pleadings:

(1) The Trustee is not entitled to avoid the Agreement and the Agreement of Sublease under Sec. 544(a)(3) because he had actual knowledge of both the Agreement and the Agreement of Sublease;

(2) The Trustee is not entitled to avoid the Agreement and the Agreement of Sublease because the Trustee accepted rental payments from the Defendant during the pendency of the Chapter 11 proceeding;

(3) The Trustee may not avoid the Agreement and the Agreement of Sublease under Sec. 544(a)(3) because the Trustee elected to reject those Agreements under 11 U.S.C. Sec. 365.

■ The first defense is easily resolved by reference to the unambiguous and explicit language of Sec. 544(a):

The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

* * * * * *

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Thus, this defense is not a legal defense to an avoidance action under Sec. 544.

■ The second defense, that the Trustee's acceptance of rent during the Chapter 11 proceedings constitutes a waiver or estoppel of his rights under Sec. 544, is equally unavailing. The president of the Defendant acknowledged, and the Court so finds, that the Trustee informed the Defendant that he was not recognizing any agreements for the use or possession of Hangar 8 and was permitting the Defendant to stay on a day-to-day basis. Of course, the Trustee would have been derelict in his duties if he had allowed persons to use the premises without charging them for its use, particularly since the monthly rental charges to Pan Am were accruing at the rate of approximately $19,000.00 per month. The Defendant never took any action to have its rights determined, nor the opportunity to request the Court to order the Trustee to accept or reject the Agreement or Agreement of Sublease, pursuant to 11 U.S.C. Sec. 365(d)(2). Additionally,

Sec. 365 requires court approval of the assumption or rejection of any executory contract or lease by a Chapter 11 trustee. Accordingly, the Court concludes that the Defendant has failed to establish a waiver or estoppel to the Trustee's right to avoid a transfer of property.

The last defense raised by the Defendant is that the Trustee's rejection of the Agreement and the Agreement of Sublease constitutes an election of remedies which prevents the Trustee from proceeding under Sec. 544(a). The Defendant has cited no authority to the Court which reaches that conclusion. It appears to the Court that both Sec. 365 and Sec. 544 have a scope of effect on leases—Sec. 544(a)(3) permits a trustee to avoid a transfer of real property, while Sec. 365 permits a trustee to reject a lease of real property which is not voidable by a trustee (or which the trustee elects not to void). The avoidance of a lease completely terminates the lease, while a rejection of a lease of real property results merely in cancellation of the covenants requiring the debtor's performance in the future but does not automatically terminate the lease so as to divest the lessee of his estate in the property. *See* 2 *Collier on Bankruptcy* Par. 365.09 (15th ed. 1979).

The Court concludes that the Trustee has the right to avoid the Agreement and the Agreement of Sublease because they were not recorded as required by Sec. 695.01, *Florida Statutes*, in order to be perfected against a bona fide purchaser of real property, the status here taken by the Trustee.

The Court will enter a judgment in accordance with these findings of fact and conclusions of law.