GRIMES, Acting Chief Judge.
This is an appeal from a summary judgment of $27,114.67.
Fiske and Shelton were two of three general partners in a limited partnership. The partnership shares were sold at $50,- *249 000 each. Fiske had purchased six shares, and Shelton had purchased nine shares. Thereafter, the partnership needed additional funds to close the purchase of some real estate.
According to Fiske, he and Shelton each agreed to advance the partnership an additional $300,000. Fiske borrowed $300,000 from First National Bank and loaned it to the partnership. Fiske says that Shelton was unable to obtain as favorable an interest rate from his bank, Citizens National Bank, because he was not in a position to put up as much collateral. Fiske agreed to put up collateral for Shelton’s loan so that a better interest rate could be obtained. However, the transaction was finally concluded by Fiske borrowing the additional $300,000 from Citizens National Bank in his own name.
When Fiske received statements from Citizens National Bank showing that the quarterly interest was due, he passed them on to Shelton. Shelton made two interest payments totalling $27,114.67. He declined to make further interest payments as they came due. Fiske then paid off the Citizens National Bank loan in its entirety. In order to protect his investment, Fiske arranged for the partnership to issue him further shares representing the additional $600,000 he had paid to the partnership.
According to Shelton, Fiske had agreed to personally obtain the entire $600,000 needed by the partnership. He said he made the two interest payments on the Citizens National Bank loan as an accommodation to Fiske. When Fiske refused to reimburse him, Shelton sued him for the payments. The court entered a summary judgment for Shelton.
Genuine issues of material fact cannot be resolved on summary judgment. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). Therefore, if the question before us was whether Fiske obtained the Citizens National Bank loan on behalf of Shelton, we would be compelled to reverse. However, it is significant to note that Shelton prevailed below on a theory of unjust enrichment. According to 66 Am.Jur.2d Restitution and Implied Contracts § 3 (1973):
The phrase “unjust enrichment” is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.
When Shelton refused to make further interest payments, Fiske could have asserted a claim against him for breach of contract. Instead, Fiske arranged for the receipt of additional partnership shares equivalent to the entire $600,000 advance. As a consequence he is now estopped to claim that $300,000 of the advance was originally made for the benefit of Shelton. Cf. Lipkin v. Bonita Garden Apartments, Inc., 122 So.2d 623 (Fla. 3d DCA), cert. denied, 125 So.2d 878 (Fla.1960) (acceptance of the benefits of a lease estopped tenants from contending that the lease was invalid). At the present time, Shelton has paid out $27,114.67 with nothing to show for it. Consequently, the court correctly held that he could recover this sum from Fiske on the basis of unjust enrichment.
Affirmed.
SCHOONOVER and FRANK, JJ., concur.