MELVIN, Associate Judge.
The parties will be referred to as they appeared in the trial Court.
Plaintiffs William G. Medina and his wife, Hazel E. Medina, on May 30, 1961, filed their Complaint in the Circuit Court of Orange County, Florida, against Defendants, Orange County, a political subdivision of the State of Florida, and Orville E. Cheesman and his wife, Jessie P. Chees-man, seeking the cancellation of a deed of date October 31, 1957, that had been executed by plaintiffs and defendants Cheesman to Orange County for a road right-of-way along a line dividing the adjoining properties of the Medinas and the Cheesmans. The plaintiffs’ property was held by them as an estate by the entirety.
The plaintiffs sought cancellation of their conveyance because of alleged mistake as to quantity of land described therein and lack of consideration; and also for the alleged lack of two subscribing witnesses as to plaintiffs’ execution of their deed. The Chancellor found against the Medinas upon the issues of mistake and lack of consideration, but the Court ruled that the deed in question was, as to plaintiffs, without legal effect either as a deed or a contract to make a deed, because at the time of delivery to grantee, only the name of one subscribing witness as to the Medinas appeared thereon.
The Chancellor ruled that the deed in question was effective as a dedication by plaintiffs of the right-of-way, and a decree was entered denying to plaintiffs the relief prayed for. Plaintiffs appeal and defend *557 ants, by cross assignments of error, seek review of the ruling as to invalidity of the deed.
The Chancellor found the fact to be that the plaintiffs had executed their deed in the presence of several witnesses. Plaintiffs admitted that the notary, Anna Beardsley, Mrs. Anna Wekeman, (mother of Mrs. Medina) and Orville E. Cheesman were present and witnessed their execution of the deed. The Chancellor also found from the evidence that Richard A. Piper was also present and witnessed plaintiffs’ execution of the deed. However, only the notary, Anna Beardsley, was a subscribing witness as to plaintiffs’ undisputed execution of the deed. Thereafter, in the presence of subscribing witnesses, Anna Beardsley and Josephine A. Piper, defendants Cheesman executed the deed which was then delivered to grantee Orange County. From an inspection of this deed it would appear to have been executed by all grantors in the presence of two subscribing witnesses, in accord with the provisions of Section 689.-01, Florida Statutes, F.S.A. When plaintiffs’ suit challenged the validity of the deed upon the issue of subscribing witnesses, Richard A. Piper then subscribed his name as a witness to such deed and the deed was recorded for a second time.
It thus appears that the challenged deed of the Medinas was in fact voluntarily executed by them in the presence of four witnesses, one of whom signed the deed as a subscribing witness before delivery, and one of whom signed the same after delivery thereof to the grantee.
Although the provisions of Section 689.-01, Florida Statutes, F.S.A., require that such an instrument be executed in the presence of two subscribing witnesses, the Statute does not require that such witnesses shall subscribe in the presence of the grantors, or in the presence of each other. Likewise, the Statute does not by express terms require that subscribing witnesses shall sign the document before the delivery thereof is accomplished.
In the case of Richbourg v. Rose, S3 Fla. 173, 44 So. 69, text 72, the Supreme Court of Florida held:
“The manifest object of requiring an attestation of subscribing witnesses is to enable the grantee to prove the execution by the grantor of the deed, and to show the circumstances attending the sealing and delivery.”
In the case of Young v. Young, 27 S.C. 201, 3 S.E. 202, the Supreme Court of South Carolina considered the validity of a deed that had been executed by the grantor in the presence of several witnesses, one of whom signed as a subscribing witness. A few days after the death of the grantor, another neighbor who was present and who actually saw the grantor sign and execute the deed, came forward and signed the deed as a subscribing witness. The validity of the deed was challenged on the ground that it had been attested by only one witness, whereas the applicable statute required that such deed “shall be executed in the presence of and be subscribed by two or more credible witnesses.” The trial Judge ruled:
“Now, the execution of a deed must be complete before the witnesses subscribe their names. The subscription properly follows the complete execution of the deed, and need not be in the presence of the grantor, or at the instant of the delivery. Their presence and observation during the process of execution is essential; but if from accident, inadvertence, or ignorance, one should omit just then and there to sign the attestation, I see no reason why he could not, in a reasonable time thereafter, and before the recording of the deed, be allowed to sign, and thus perfect the deed.”
The trial Court further held that the deed was supported by a valuable consideration, and in affirming the trial Court, the Supreme Court held: “Under these circumstances, we cannot see that the judge committed error in holding that ‘equity would sustain the deed, although subscribed by *558 but one witness.’ ” Although this case was decided in 1887, the Court, in the case of Hunt v. Smith, 202 S.C. 129, 24 S.E.2d 164, decided February, 1942, commented upon Young v. Young, supra, and approved the principle of law.
Relying upon the effectiveness of plaintiffs’ deed, the defendant, Orange County, arranged for the removal of utility poles from the described right-of-way, and then obtained from other nearby landowners conveyances of rights-of-way over their property, such rights-of-way being donated to the County. Assuming the validity of the deed, Plaintiff Medina aided the Defendant Cheesman in staking out the described right-of-way, and Cheesman, at his own expense, had the right-of-way cleared and did some work on the road.
In the case of Gill v. Livingston, 158 Fla. 577, 29 So.2d 631, a lessee filed his complaint seeking reformation of a five-year lease on lands in Sarasota County. The leased lands were the property of the defendants, held as estates by the entireties, each of the married couples owning a half interest in the leased lands. The real estate was through error described as being located in DeSoto County, Florida. The defendants testified they intended to lease all the lands they owned in Florida to the Plaintiff by the lease which they executed. The defendants resisted reformation of the lease because the same was executed with one subscribing witness. The Chancellor decreed reformation as prayed, and that the lease was “valid and binding upon the parties thereto in all respects according to its terms and provisions.” The Supreme Court of Florida, in sustaining the decree of the Chancellor, cited the case of Steen v. Scott, 144 Fla. 702, 198 So. 489, and held:
“Upon that authority we hold that the defendants below are estopped from contending that the lease here involved is invalid for the reason that it was executed in the presence of only one subscribing witness. In the situation before us, only the parties are involved, and as a matter of fact all four defendants were physically present at the time of execution of the lease, and might have subscribed as witnesses to the signature of each other. They have accepted benefits under the lease, have placed the lessee in possession, have negotiated to convey the lands subject to the lease, and in all respects have recognized it as being an effective conveyance, and in equity they ought not to be permitted to disavow it now. See also Johnson v. Elliott, 64 Fla. 318, 59 So. 944.”
See also New York Life Insurance Co. v. Oates, 141 Fla. 164, 192 So. 637, text 642.
The Chancellor found that the Medinas had voluntarily executed the deed in question, and that such act on their part was not induced by mistake. Four people were present and observed the plaintiffs as they executed their deed, one of whom signed as a subscribing witness before and one signed after delivery of such deed. In reliance upon Medina’s deed, other property owners have donated rights-of-way in the area to Orange County, for an extension of the Medina-Cheesman Road.
When viewed in such posture, the Medinas’ technical assault upon their conveyance, grounded solely upon the fact that but one of four witnesses subscribed their deed prior to delivery, is fruit out of season in a garden of equity. Equity regards as done that which ought to have been done and will sustain such a deed, even though subscribed by only one of several witnesses prior to delivery.
The learned Chancellor was in error in ruling that the Medina deed was void as a conveyance of realty therein described. The Decree appealed from is reversed with direction to enter a Decree in accord with the views herein expressed.
Reversed.
SHANNON, C. J., and SMITH, J., concur.