298 So.2d 515 (1974)
FOOD FAIR STORES, INC., a Pennsylvania Corporation, Appellant,
v.
VANGUARD INVESTMENTS COMPANY LIMITED, a Bahamian Corporation, and Nick Morley, Appellees.
No. 73-667.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Rehearing Denied July 17, 1974.
*516 Aronovitz & Weksler, Miami, for appellant.
Aurell & Huck, Sam Daniels, Miami, for appellees.
Before PEARSON, CARROLL and HENDRY, JJ.
PEARSON, Judge.
The appellant was the defendant in an action brought by the appellees. The complaint was labeled a complaint for declaratory judgment and the final judgment entered is entitled a final declaratory judgment. On this appeal, appellant's basic contention is that the plaintiffs have improperly used the vehicle of a declaratory judgment to establish and enforce the terms of a claimed oral agreement in face of the fact that the oral agreement is barred by the statute of frauds, § 725.01, Fla. Stat. The salient portion of the trial court's findings as to the oral agreement itself is found in paragraph 9 of the court's final judgment. It is as follows:
"9. At the aforementioned meeting in Hollywood, Florida, the parties discussed their respective rights regarding food stores in all the Bahama Islands. At such meeting, it was agreed in essence that any such future stores would be owned and operated on the same basis as the initial Freeport store; and the Court finds that the oral contract as alleged in paragraph 8A of the complaint was entered into between Food Fair, Vanguard, Roker and Carroll at such meeting."
Based upon this finding, the court then held that the rights of the appellee in and to future stores was the same as the right set forth in the oral agreement as to the first store established. The trial court relied upon the holding in Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937), and upon his conclusion that the oral agreement was fully performed by the appellee Vanguard prior to the expiration of one year.
We hold that the court has incorrectly applied the holding in Yates v. Ball, supra. A review of the record in this case reveals that the president and chief operating officer of Vanguard affirmatively testified that the essence of the oral agreement was that any future stores at any future time would be operated jointly and that all would have a right of "first refusal" to an assigned interest in each store. *517 The testimony is unrefuted that the time period during which the oral agreement was to be in effect was for as long as any of the parties were to engage in business in the Bahama Islands. We hold that in the light of these facts as to the future operation of the parties, the contract was not to be performed within one year.
The trial court was perhaps misled by the fact that the appellee Vanguard's greatest contribution to the project which was the subject of the oral agreement was to secure the initial opportunity for investment in the Bahama Islands. This initial action on the part of Vanguard cannot be construed as the full performance by that entity inasmuch as the court correctly found that the parties had continuing obligations and responsibilities in the establishment of future stores.[1] We hold therefore that consistent with the holding in Yates v. Ball, supra, and a host of other Florida cases, that an oral agreement will be barred if it is not to be performed within one year from the time it is made. See Tanenbaum v. Biscayne Osteopathic Hospital, Inc., Fla. 1966, 190 So.2d 777; Rowland v. Ewell, Fla.App. 1965, 174 So.2d 78; Katz v. Mendheim, Fla.App. 1971, 244 So.2d 560.
We note in passing that the part performance doctrine has been held not to apply to contracts for services. See Battle v. Butler, 138 Fla. 392, 189 So. 846 (1939); Annot., 6 A.L.R.2d 1053, 1074.
Having reached the conclusion that the final judgment declaring the terms of the oral contract and their enforceability cannot stand, we need not discuss at length appellant's point urging that the court erred in failing to dismiss the complaint. We think that it should be noted, however, that the declaratory decree statute is not designed for the purpose of establishing purely factual issues. See New Amsterdam Casualty Company v. Intercity Supply Corporation, Fla.App. 1968, 212 So.2d 110, and authorities therein cited.
Since we have reached the conclusion that the trial court committed reversible error in failing to apply the statute of frauds and in failing to dismiss appellees' complaint, the final judgment entered is reversed and this cause is remanded to the trial court with directions to dismiss the complaint.
Reversed and remanded.
NOTES
[1] * * * *
"10. Under the agreement regarding future stores, which became effective when the Freeport license was obtained, if any future opportunities to engage in the food store business were thereafter obtained anywhere in the Bahamas by any of the parties, Vanguard, Roker and Carroll would each be given the right to own 6 2/3% of each such new store which would be operated as a Food Fair store. The remaining percentage of each such future business would be owned by Food Fair. The parties further agreed that they would not in any manner, either directly or indirectly, engage in the food store or grocery business anywhere in the Bahamas except in accordance with such agreement as to the rights of part ownership by the parties thereto."
* * * * *