488 So.2d 856 (1986)
James F. KHAWLY, Appellant/Cross-Appellee,
v.
Evelyne REBOUL and Jean Claude Reboul, Appellees/Cross-Appellants.
Evelyne Reboul and Jean Claude Reboul, Cross-Appellants,
v.
Kareen Richard and Michael Bodne, Cross-Appellees.
No. 85-1662.
District Court of Appeal of Florida, Third District.
May 6, 1986.
Rehearing Denied June 13, 1986.
*857 Weintraub & Rosen and Lee I. Weintraub and Michael A. Rosen, Miami, for appellant and cross-appellees.
Wallace, Engels & Pertnoy and Gregory A. Martin and Douglas J. Snyder, Miami, for appellees/cross-appellants.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Khawly, one of three defendants below, appeals from a final judgment entered upon a jury verdict awarding the Rebouls monetary damages in this breach of contract action. The Rebouls cross-appeal from a judgment entered upon a directed verdict in favor of the remaining two defendants, Bodne and Richard. Our conclusion that the statute of frauds barred the Rebouls' breach of contract claim against all of the defendants is dispositive of the appeal and cross-appeal.[1] On the main appeal, we reverse with directions to enter judgment for Khawly; on the cross-appeal, we affirm the judgment for Bodne and Richard.
The Rebouls alleged in their complaint that in April 1982, they and the defendants orally agreed to go into the retail sportswear business, and, for that purpose, to form a corporation in which the Rebouls would own the controlling interest, that is, fifty percent (50%) plus one (1) share of the stock. The Rebouls were to be in charge of opening and managing the store and to receive a monthly salary; the defendants *858 were investors and lenders only. Shortly after the agreement was entered into, a corporation was formed, a three-year leasehold purchased, and, in July 1982, a store opened. The Rebouls actively managed the store until January 1983 when they were ousted from their position by some of the defendants.
There was little dispute that much of what the Rebouls say occurred, did. What was disputed is what interest in the corporation the Rebouls were to receive. The defendants contended that the agreement was that the Rebouls were to receive a forty percent interest in the corporation, precisely what they did receive.[2]
Section 725.01, Florida Statutes (1981), Florida's statute of frauds, provides in pertinent part:
"No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ..., unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
The Florida Supreme Court first gave life to this statute in Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937). It there held that
"when no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the party intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year."

Id. at 139, 181 So. at 344.
Thus, to determine whether the statute of frauds bars enforcement of an oral contract on the ground that it is not to be performed within one year, we look to the intent of the parties.
Our review of the entire record convinces us that the parties intended to establish an ongoing concern, to extend well beyond a year. First, the complaint alleges that the parties "agreed to form a corporation for the purpose of entering into the business of retail sales of sportswear." Second, the parties entered into a three-year lease at the Bal Harbour Shops to house their new business. Third, the Rebouls' own counsel argued that since the defendants wrongfully ousted his clients from the business, "they have not received one penny in salary from this business. This is the business where they were working, the business where they would have continued working." Additionally, it was the Rebouls' position at trial that they were entitled to be compensated for their loss of "$4,000 a month that they would have made" had they not been ousted. These factors point ineluctably to the conclusion that the parties intended the business to continue for more than a year and that, therefore, the oral agreement to form it is unenforceable.
The decided cases support our conclusion. In Weinsier v. Soffer, 358 So.2d 61 (Fla. 3d DCA), cert. denied, 365 So.2d 714 (1978), this court reversed a judgment for the plaintiffs and directed the entry of judgment for the defendants in a case involving the breach of an oral contract to enter into a new business. The court wrote that "[t]here is nothing inherent in this agreement to share losses in a going business which would limit its operation to a period of one year. An oral agreement to enter into a new business which will continue indefinitely has been held to be within the purview of the rules set forth by the Supreme Court in Yates v. Ball." Id. at 63. Likewise, in Tobin and Tobin Insurance Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975), the court reviewed a case in which the plaintiff sued the defendant insurance agent for failure to pay orally agreed-upon referral fees. The plaintiff, in an apparent effort to avoid the statute of frauds, contended that each referral *859 was a separate contract. In rejecting this contention, the court found the agreement to be indivisible and concluded that it was not capable of performance within one year. And in Food Fair Stores, Inc. v. Vanguard Investments Co., 298 So.2d 515 (Fla. 3d DCA), cert. denied, 305 So.2d 209 (Fla. 1974), we reversed a finding that the oral agreement at issue was fully performed in one year and held that where "the essence of the oral agreement was that any future stores at any future time would be operated jointly and that all would have a right of `first refusal' to an assigned interest in each store," the contract was not to be performed within one year. Id. at 516-17.
We turn briefly to the Rebouls' arguments in support of the nonapplicability of the statute of frauds. They argue first, that the agreement was one merely to form a corporation not an ongoing business. Apart from the fact that this argument is a radical departure from their position in the trial court, it is one that must self-destruct: if the agreement was merely to form a corporation, there is no breach giving rise to any cause of action, since it is undisputed that a corporation was formed. Similarly, their argument that the agreement was performed by the formation of the corporation, thus removing it from the operation of the statute of frauds, does little to advance their cause. Where the dispute is, as here, what interest in a corporation the parties were to receive, the formation of the corporation is a totally equivocal act  supportive of neither the plaintiffs' nor the defendant's contentions in respect to the expected interest in the corporation  which therefore cannot constitute a part performance. See Miller v. Murray, 68 So.2d 594, 597 (Fla. 1953) (refusing to take alleged oral agreement out of statute of frauds, since purported part performances "were equally as consistent with" plaintiff's assertion as defendant's).[3]
Finally, and again in a complete about-face from their earlier position, the Rebouls' counsel at oral argument advanced the theory that the agreement was for the sale of securities which is covered not by the general statute of frauds, Section 725.01, but rather by Section 678.319, Florida Statutes (1981), which was not, as they contend it was required to be, raised as an affirmative defense by the defendants. However, the Rebouls themselves admitted in their brief that
"neither the pleadings nor the evidence support[s] the novel argument that the agreement between the parties was for the sale of securities as contemplated by Chapter 678 of the Florida Statutes. Clearly, this case does not involve the sale of securities, as none of the parties ever contended. .. . Indeed, the only issue before the trial court and jury was that of control of the corporation." (emphasis supplied).
We think this admission accurately portrays the position of the parties throughout, and it was therefore unnecessary for the defendants to raise Section 678.319 as an affirmative defense.[4] The Rebouls' claim for breach of the oral agreement between them and the defendants, being unenforceable under Section 725.01, Florida Statutes (1981), the judgment in favor of the Rebouls is reversed with directions to enter judgment for Khawly; the judgment in favor of Richard and Bodne is affirmed.
NOTES
[1] The Rebouls' action was in two counts, the first alleging a breach of contract; the second alleging fraud in the inducement. Because we conclude that the breach of contract action is barred by the statute of frauds, the action for fraud is barred as well. See Canell v. Arcola Housing Corp., 65 So.2d 849, 851 (Fla. 1953) (breach of contract action barred by statute of frauds cannot be brought indirectly as a fraud action); Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 721 (Fla. 3d DCA 1972) ("[t]he Florida rule is that the statute of frauds may not be avoided by a suit for fraud based on oral representations"), cert. denied, 285 So.2d 18 (Fla. 1973). We will therefore speak hereafter of the Rebouls' action as simply one for breach of contract.
[2] It is undisputed that the Rebouls received 400 shares and the defendants 600 shares, and that the certificates were signed by Mr. Reboul as president and Bodne as secretary.
[3] Plaintiffs also cannot escape the statute of frauds by asserting that they partly performed through the performance of services, since the part performance doctrine is not applicable to an agreement for services. Tobin and Tobin Insurance Agency v. Zeskind, 315 So.2d 518; Food Fair Stores v. Vanguard, 298 So.2d 515.
[4] Because we find that the issues alleged, litigated and briefed by the plaintiffs do not involve a contract for the sale of securities, we need not address whether an agreement to form a corporation which includes the issuance of stock can be considered a contract for the sale of securities, and, if so, whether raising the general statute of frauds as an affirmative defense to a breach of an oral contract for the sale of securities sufficiently preserves the defense, or whether Section 678.319 must be specifically pleaded in such a case.