**ALL BRAND IMPORTERS, INC.,**
**Plaintiff–Appellee,**

v.

**TAMPA CROWN DISTRIBUTORS,**
**INC., Defendant–Appellant.**

No. 88–3158.

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1989.

James A. Sheehan, James A. Sheehan, P.A., St. Petersburg, Fla., for defendant-appellant.

Edward Gerecke, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, COX, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

This is a breach of contract action, the outcome of which partially turns on whether the district court properly held that the statute of frauds bars the enforcement of an alleged oral contract for the sole distributorship of the beer products of plaintiff.

We hold that the Florida Statute of Frauds, Fla.Stat. § 725.01, bars enforcement of an oral contract that was intended by the parties to last longer than a year, even though the contract could have been terminated for cause within a year. *Khawly v. Reboul,* 488 So.2d 856 (Fla.3d D.C.A. 1986).

With this holding, we affirm the judgment of the district court in all respects for the reasons set forth in its order of November 9, 1987 (Case No. 84–1559 Civ–T–10; M.D.Fla.), attached hereto as an appendix.

AFFIRMED.

APPENDIX

United States District Court
Middle District of Florida
Tampa Division
Case No. 84–1559 Civ–T–10

All Brand Importers, Inc., Plaintiff,

-vs-

Tampa Crown Distributors, Inc., Defendant.

ORDER

This is an action for breach of contract. The Plaintiff, All Brand Importers, Inc. (All Brand), alleges that it had an oral contract with the Defendant Tampa Crown Distributors (Tampa Crown), for the sale and purchase of beer. According to the complaint Tampa Crown agreed to buy beer from All Brand and to pay for it within thirty days of delivery. All Brand asserts that Tampa Crown accepted delivery of several shipments of beer in September and October of 1984, and refuses to pay for those shipments.

In its answer Tampa Crown admits that the parties had entered into a contract and that it accepted and did not pay for the beer. Tampa Crown pleads set-off as an affirmative defense, and asserts three counterclaims. The basis of the claim for set-off and the counterclaims is Tampa Crown's contention that the oral contract between Tampa Crown and All Brand extended beyond a contract for sale and purchase of beer, and was a contract for Tampa Crown to be the sole distributor in this area for All Brand products. According to Tampa Crown the contract entailed Tampa Crown developing a market for All Brand goods and acting as sole distributor for All Brand for as long as its performance was satisfactory. Tampa Crown contends that All Brand breached the alleged agreement, and that it is entitled to damages.

All Brand has filed a motion for summary judgment on its complaint and on the counterclaims, and has supported the motion with affidavits and deposition excerpts. Tampa Crown has filed a memorandum in opposition to the motion. The

Court will first address that portion of the motion relating to the counterclaim.

All Brand first argues that the alleged oral contract is unenforceable under the statute of frauds, Fla.Stat. § 725.01, which requires that contracts that are not to be performed within one year be in writing to be enforceable. Tampa Crown does not dispute this basic contention, but instead argues the contract was terminable at any time for cause, and was thus susceptible of completion within one year.

All Brand has submitted an excerpt of a deposition of Miguel A. Diaz, President of Tampa Crown, in which he describes the oral contract. According to Mr. Diaz All Brand and Tampa Crown agreed that Tampa Crown would be the exclusive distributor of beer within a certain geographical area. The relationship was to continue for as long as Tampa Crown did a good job, its sales continued to grow, and it assisted All Brand in merchandising the beer. No terms were established regarding the price of the beer or the amount Tampa Crown would purchase.

In *Joe Regueira, Inc. v. American Distilling Company, Inc.*, 642 F.2d 826 (5th Cir. Unit B 1981), the court considered an alleged oral contract and ruled that the contract could have been performed within one year. The court based this finding on the terms of the contract which permitted cancellation of a distributorship if the distributor failed to maintain its market share. *Id.* at 830. The court relied on *Schenkel v. Atlantic Bank of Jacksonville*, 141 So.2d 327 (Fla.1962), which upheld an oral contract intended to continue until the death of one of the parties.

The *Regueira* Court also referred to *First Realty Investment Corp. v. Gallaher*, 345 So.2d 1088 (Fla.3d D.C.A.1977). In *First Realty* the plaintiff brought suit on an oral contract for a bonus. The appellate court found that the trial court had "incorrectly reasoned that the contingencies of death, resignation and/or firing could take the agreement out of the statute's control." *Id.* at 1089. The court then explained that the intent of the parties determined wheth-

er an oral contract was to be performed within one year. *Id.*

A more recent decision, *Khawly v. Reboul,* 488 So.2d 856 (Fla.3d D.C.A.1986), reiterates the proposition that under Florida law the intent of the parties with regard to the time of *performance* (not the possibility of contingent *termination*) is the key factor in determining whether an oral agreement is enforceable. In *Khawly* the alleged agreement was to form a corporation which would begin a retail sales business. The parties entered into a three-year lease for business space. The plaintiffs' attorney stated that the plaintiffs would have continued working in the business had the defendants not breached the contract, and asked for the $4,000 a month that the plaintiffs would have made had they continued working. The court found that these factors indicated that the parties intended for the business to continue for more than a year, and enforcement of the agreement was barred by the statute of frauds. *Id.* at 858.

Under the reasoning of the *Regueira* decision the alleged agreement between Tampa Crown and All Brand is enforceable. The contract was terminable for cause, thus it could have conceivably been terminated within one year. However, the recent *Khawly* decision requires the Court to make a more comprehensive inquiry into the intent of the parties at the time the alleged contract was made.

In the pre-trial stipulation Tampa Crown describes the alleged contract as perpetual. Tampa Crown contends that it expended time and money developing a market for All Brand products, and contracted with sub-distributors to sell All Brand products. Tampa Crown served as a distributor for All Brand for approximately seven years, allegedly pursuant to the oral agreement, and complains because All Brand ceased to do business with it. In addition, Diaz, in his deposition, indicated that Tampa Crown entered into its business relationship with All Brand in anticipation of realizing future profits. These factors indicate that Tampa Crown and All Brand intended for their relationship to last for more than one year.

Tampa Crown has not presented any evidence to show that the parties to the alleged agreement intended for performance to be completed within one year. The allegation that the contract was terminable for cause does not remove the contract from the statute. Such a contingency applies to any contract, and to permit a contingency of early termination to remove an oral contract from the statute of frauds would rob the statute of its force.

Because enforcement of the alleged oral agreement is barred by the statute of frauds, the motion for summary judgment is GRANTED as to Counts I and II of the counterclaim.

In Count III Tampa Crown asserts that it is entitled to be paid for the development or enhancement of the market for All Brand products. All Brand contends that recovery in quantum meruit is available only for the value of services rendered and materials used, and that any services rendered by Tampa Crown were incidental and done to implement the sale of goods for its own benefit. All Brand also argues that recovery in quantum meruit is available only when the subject matter of a contract is personal services.

All Brand's characterization of quantum meruit is not entirely accurate. In *Sax Enterprises, Inc. v. David and Dash*, 92 So.2d 421 (Fla.1957), the defendant ordered bedspreads which were delivered to and used by the defendant for a period of time although the bedspreads did not meet the defendant's specifications. The trial court awarded the plaintiff the full contract price of the bedspreads. The Florida Supreme Court reversed, ruling that the plaintiff was entitled to recovery in quantum meruit. The Court described the measure of recovery as the value of the product to the defendant. *Id.* at 422 (citation omitted). The general rule is that recovery in quantum meruit is available "where one receives goods or services from another where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it." *Osteen v. Morris*, 481 So.2d 1287, 1290 (Fla.D.C.A.1986).

All Brand contends that the parties, prior to most of the promotional campaigns conducted by Tampa Crown, agreed that All Brand would reimburse Tampa Crown for one half of its expenses, and that Tampa Crown was reimbursed. The parties had no other agreements or expectations that All Brand would reimburse Tampa Crown for advertising and expenses. All Brand also asserts that not only did Tampa Crown recoup its advertising expenses in increased sales, but also that All Brand engaged in nation wide advertising campaigns that benefited Tampa Crown.

Tampa Crown has presented no evidence to the Court as to what expenditures were made on behalf of All Brand nor has it presented any evidence as to what benefit inured to All Brand as a result of Tampa Crown's efforts.

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party is entitled to "judgment as a matter of law" when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof.

*Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987) citing *Celotex Corp. v. Catrett*, [477] U.S. [317], 106 S.Ct. 2548, 253, 91 L.Ed.[2d] 265 (1986).

Here Tampa Crown has not made any showing that it is entitled to recovery in quantum meruit for goods or services rendered to All Brand. Accordingly, All Brand's motion for summary judgment on Count III of the counterclaim is GRANTED, the counterclaim is DISMISSED with prejudice and the Clerk is Directed to enter judgment.

All Brand has also moved for summary judgment on its complaint for breach of contract, payment for goods sold and delivered and account stated. Tampa Crown admits the primary allegations of the com-

plaint that Tampa Crown ordered and received beer worth $74,377.02 from All Brand and did not pay for the beer. Tampa Crown defends on the basis that All Brand owed it money as set forth in the counterclaim.

Accordingly, All Brand's motion for summary judgment on its complaint is GRANTED, and the Clerk is directed to enter judgment for All Brand in the amount of $74,377.02 with interest as provided by law, and costs awarded to All Brand.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 9th day of November, 1987.

<div align="right">

(s) <u>Wm. Terrell Hodges</u>
UNITED STATES DISTRICT JUDGE