605 So.2d 556 (1992)
HOSPITAL CORPORATION OF AMERICA, Appellant,
v.
ASSOCIATES IN ADOLESCENT PSYCHIATRY, S.C., Appellee.
No. 91-0860.
District Court of Appeal of Florida, Fourth District.
September 23, 1992.
James J. Kenny, Kevin J. Murray and Deborah A. Sampieri of Kenny Nachwalter Seymour Arnold & Critchlow, P.A., Miami, for appellant.
James F. Gilbride, Dyanne E. Feinberg, and Nanci Landy of Gilbride, Heller & Brown, P.A., Miami, for appellee.
WARNER, Judge.
This appeal follows a final judgment awarding appellee $3,253,180 for the breach of a fifteen year oral agreement between appellant and appellee. Because the oral agreement violates the statute of frauds, we reverse.
In late 1978 or early 1979, Dr. Marvin Schwarz, president of appellee (AAP), was contacted by appellant's predecessor, Hospital Affiliates International (HAI) to discuss an agreement for the conversion of a Fort Lauderdale hospital into an adolescent psychiatric care facility. According to Schwarz, the parties agreed on the terms *557 of running the facility and the division of costs, including the salaries of the staff. Initially, the representative of HAI and Schwarz agreed that Schwarz would attempt to get a certificate of need for the facility, and each party would bear the cost of their respective duties with respect to the application process. They originally agreed to this joint venture as long as it was economically feasible, but during a social gathering at a local motel the parties agreed that the project would continue for a period of fifteen years. There was no writing incorporating all of the essential terms of the agreement.
HAI and AAP jointly proceeded to obtain the certificate of need. Just prior to its issuance, HAI was sold to appellant Hospital Corporation of America. Concerned about the continued viability of the psychiatric facility, Schwarz wrote to officers in HCA for assurance. Appellant responded that it intended to honor any legal commitments made by HAI in connection with the project. After a period of difficulties with other physicians on the hospital staff, concerns of residents of the area, and objections by the City of Fort Lauderdale, Appellant informed Schwarz that HCA had decided not to go ahead with the project, prompting this suit which resulted in a jury verdict for what was represented to be fifteen years of lost profits to AAP.
Appellant argues that the trial court erred in failing to rule as a matter of law on the motion for directed verdict that the statute of frauds barred enforcement of the fifteen year oral agreement. Florida's statute of frauds is codified at section 725.01, Florida Statutes, which provides in pertinent part:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
In Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937) the court noted: "To make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made." Id. at 139, 181 So. 341. Yates establishes that the intent of the parties is determinative with regard to the question of whether the contract is to be performed within one year. In the instant case there is no question as to the duration of performance, as Schwarz himself testified that the contract's duration was fifteen (15) years. An oral contract with a length of fifteen (15) years falls squarely within the bar of section 725.01.
Appellee contends that the contract was capable of being performed within one year if the certificate of need had been denied and neither party would have been required to perform further. We reject this argument that an earlier termination for impossibility of performance (failure to secure the certificate of need) makes the contract capable of being performed in one year. The intent of the parties was to run a psychiatric facility for 15 years, the certificate of need being only a necessary condition. We adopt the reasoning of All Brand Importers, Inc. v. Tampa Crown Distributors, Inc., 864 F.2d 748 (11th Cir.1989), which held that "The Florida Statute of Frauds bars enforcement of an oral contract that was intended by the parties to last longer than a year, even though the contract could have been terminated for cause within a year." Id. at 749. See also Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986).
Appellee also claims that its part performance of the contract by working to obtain the certificate of need takes the contract out of the statute of frauds. There appears to be considerable confusion in the cases on the issue of whether the doctrine of part performance removes the statute of frauds bar in actions for damages. The Eleventh Circuit reviewed the Florida cases in Dwight v. Tobin, 947 F.2d 455 (11th Cir.1991), and came to the conclusion that the Florida Supreme Court has not receded from its early limitation on the doctrine in *558 damages cases set forth in Elsberry v. Sexton, 61 Fla. 162, 54 So. 592 (1911), which held:
Where a contract is for the sale of lands, or any interest therein, and is not in writing, no action at law can ever be maintained upon it. Part performance of such a contract is a ground of relief in equity only, and there on the principle of relieving from fraud.
Id. 54 So. at 593. In Dwight v. Tobin, the court concluded, "Thus, while the courts may use the doctrine of part performance to remove a contract from the statute of frauds for the purpose of granting specific performance or other equitable relief, the doctrine is not available in an action solely for damages at law." Id. at 459.
There are several cases, mainly from the First District, which are at odds with this rule. In Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983), in an action for damages for breach of an oral contract to convey land, the court stated "It is axiomatic that partial performance of an oral contract removes such contract from the statute of frauds." Id. at 641. The opinion cites to 27 Fla.Jur.2d Frauds, Statute of, Section 12. However, that annotation states that the doctrine applies only as a ground of relief in equity and does not have the effect of removing the bar of the statute of frauds in actions at law based upon an oral contract. Id. at 450.
Next, the First District decided Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987), and, relying on W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA 1980), held that "Partial or complete performance removes an agreement from the statute of frauds irrespective of whether such an agreement contains as the subject the conveyance of land." (emphasis supplied). Futch, however, involved a damages action based upon a completed oral contract, not a partially performed one. Further, W.B.D., Inc. v. Howard Johnson Co., held only that full performance would take an oral contract out of the statute of frauds.
In Elliott v. Timmons, 519 So.2d 671 (Fla. 1st DCA 1988), the court again reiterated that partial performance would take a contract out of the bar of the statute of frauds, citing W.B.D., Inc. and Futch. However, the Elliott case had started out as a claim in equity for specific performance to which the partial performance doctrine would apply but was converted to an action for damages during the lawsuit because of the sale of the property which was the subject of the suit. It may be in such a case that the doctrine of part performance would still be applicable.
On the other hand, there are several recent cases which adhere at least in dicta or by inference to the original rule. These include cases from our court. Poinciana Properties, Ltd. v. Englander Triangle, Inc., 437 So.2d 214 (Fla. 4th DCA 1983) ([I]t has become established law for equity courts to hold the statute inapplicable when a contracting party has partially performed his share of the bargain." Id. at 215); Hiatt v. Vaughn, 430 So.2d 597 (Fla. 4th DCA 1983) ("The sole issue before this Court is whether complete performance by an employee of an oral contract of employment, which by its very terms cannot be performed within one year, removes the otherwise barred contract from the operation of the statute of frauds. We hold in the affirmative." Id. at 598). Other cases are cited in Dwight v. Tobin at 460.
Thus, based on our own review of the relevant law we conclude that the doctrine of part performance does not remove the bar of the statute of frauds from actions for damages based upon the breach of oral contracts. We acknowledge that our decision conflicts with statements to the contrary in Futch, Elliott, and Evans.
The statute of frauds barred the action for damages for breach of the oral contract between appellant and appellee. The trial court erred in denying the motion for directed verdict. We therefore reverse and remand for entry of a judgment in favor of appellant. Because of our disposition on the first point, there is no need to address the remaining points on appeal.
GUNTHER and GARRETT, JJ., concur.