718 So.2d 942 (1998)
Arthur H. HERTZ and Michael S. Brown, Appellants,
v.
Carlos SALMAN, et al., Appellees.
No. 98-11.
District Court of Appeal of Florida, Third District.
October 14, 1998.
Woodrow "Mac" Melvin, Jr., Coconut Grove, for appellants.
Buchbinder & Elegant, and Harris J. Buchbinder, Miami; Weil, Gotshal & Manges and Edward Soto and Michael P. Woodbury, Miami, for appellees.
Before JORGENSON, COPE and GERSTEN, JJ.
PER CURIAM.
Arthur Hertz and Michael Brown, investors in a bank that came to be known as Terrabank, appeal from an order of summary judgment and an order dismissing, with prejudice, one count of a second amended complaint.[1] We affirm.
The trial court was correct in ruling that the claim for breach of an oral contract was barred by the statute of frauds, section 725.01, Florida Statutes (1993). The record supports the trial court's finding that the parties intended that the oral agreement was "not to be performed within the space of 1 year from the making thereof." Id. See also Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986) (holding that the parties' intent as to the duration of an alleged oral contract controls for statute of frauds purposes).
The other claims brought by plaintiff are likewise barred, as they flow from the alleged oral contract, and are merely derivative. See Khawly, 488 So.2d at 857 n. 1 (holding that when a breach of contract action is barred by the statute of frauds, action for fraud cannot be brought indirectly and is also barred by the statute of frauds).
We find no merit in the remaining points on appeal.
AFFIRMED.
NOTES
[1] Together, the two orders dispose of all claims brought by plaintiffs.