907 So.2d 691 (2005)
Harold STEINBERG, Appellant,
v.
Daniel P. KEARNS, Mark D. Evans, J. Duane Saliba, Hollywood Restaurant Group, Inc., and 3353 Restaurant Corp., Appellees.
No. 4D04-182.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
*692 David B. Pakula of David B. Pakula, P.A., Pembroke Pines, for appellant.
Scott W. Rothstein, Michael A. Pancier and Shawn L. Birken, of Rothstein Rosenfeldt, P.A., Fort Lauderdale, for appellees Daniel P. Kearns and Mark D. Evans.
PER CURIAM.
Appellant, Harold Steinberg, appeals from the trial court's dismissal with prejudice of all but one count of his twelve-count Third Amended Complaint. We affirm the dismissal of count V for breach of shareholder agreement, but reverse the dismissal of the other ten counts.
The trial court dismissed count I for fraud in the inducement and count VIII for breach of contract as barred by the statute of frauds. The statute of frauds, section 725.01, Florida Statutes (1997), provides in pertinent part:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
The trial court relied upon Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986), in dismissing the claim for fraud in the inducement. That case held that when a breach of contract action is barred by the statute of frauds, the action may not be brought indirectly as a fraud action. Id. at 857 n. 1. Khawly and Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla.1953), cited by the court in Khawly, both involved situations where the alleged fraudulent representations were part of the contract which, under the statute of frauds, had to be in writing. We find, however, that the instant facts as alleged within the four corners of the complaint are distinguishable from those in Khawly.
In HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), the supreme court held:
Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract. Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract. It normally "occurs prior to the contract and the standard of truthful representation placed upon the defendant is not derived from the contract."
Id. at 1239 (citations omitted). Steinberg alleges that appellees, Kearns and Evans, made false representations about a fact that existed before they entered into the contract which induced him to enter into *693 the contract. Thus, the tort as alleged is separate and distinct from any breach of contract and is not barred by the statute of frauds.
The trial court also dismissed count VIII which was an action for breach of an oral contract. Steinberg had agreed to assign his interest in two restaurants in return for a payment to him of $25,000 and a percentage interest in another restaurant. Steinberg alleged that he had performed his obligation under the contract. The trial court dismissed this contract as barred by the statute of frauds. However, "[t]he rule is generally approved in this country that the statute of frauds applies only to contracts not to be performed on either side within the year, and has no application to contracts which by intent were fully performed within the year on one side." Yates v. Ball, 132 Fla. 132, 181 So. 341, 345 (1937).
Nine other counts[1] of the Third Amended Complaint were dismissed with prejudice as barred by the statute of limitations. Even though the original complaint was filed within the applicable statute of limitations for the claims raised, the trial court found that the relation back theory did not apply in this case. We disagree as to all claims except count V for breach of shareholder agreement.
Florida Rule of Civil Procedure 1.190(c) provides:
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
This court's review of the allegations in Steinberg's original complaint and those in his Third Amended Complaint reveals that although Steinberg had changed some of his legal theories of his actions, the allegations of the conduct, transactions and occurrences are the same in each pleading as they apply to counts II, III, IV, VI, VII, IX, and XII. Therefore, the trial court erred in dismissing these counts as barred by the statute of limitations.
With respect to count V, Steinberg did not make any allegations in the original complaint involving this claim. We find that the amended claim for breach of the shareholder agreement does not relate back.
Count XII is for spoliation of evidence. In Yoder v. Kuvin, 785 So.2d 679 (Fla. 3d DCA 2001), the court held:
"Generally, a statute of limitations begins to run from the time a cause of action accrues. A `cause of action accrues when the last element constituting the cause of action occurs.'" Robbat v. Gordon, 771 So.2d 631, 634 (Fla. 4th DCA 2000) (citations omitted). "Because of the nature of the claim, liability for spoliation does not arise until the underlying action is completed." Lincoln Ins. Co. v. Home Emergency Servs., Inc., 26 Fla. L. Weekly D229, 812 So.2d 433, 2001 WL 37808 (Fla. 3d DCA Jan.17, 2001). As this court stated in clarifying its decision in Miller v. Allstate Ins. Co., 573 So.2d 24 (Fla. 3d DCA 1990), review denied, 581 So.2d 1307 (Fla.1991), "Miller I must be read as holding that where a viable means exists to pursue the underlying products liability claim, that cause of action must be pursued prior to, or together with, the spoliation of evidence claim." Miller v. Allstate Ins. Co., 650 So.2d 671, 673-74 *694 (Fla. 3d DCA), review denied, 659 So.2d 1087 (Fla.1995).
Yoder, 785 So.2d at 681. Liability for the spoliation claim has not arisen yet. Therefore, the cause of action has not accrued and it is not barred by the statute of limitations.
We reverse the dismissal of counts I through IV, VI through X, and XII and remand for further proceedings. We affirm the dismissal of count V.
Affirmed in part; reversed in part.
STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Counts II, III, IV, V, VI, VII, IX, X and XII.