On Rehearing
 

 COPE, J.
 

 On consideration of the appellee’s motion for rehearing, the court withdraws its previous opinion and substitutes the following opinion.
 

 This is an appeal of a summary final judgment in a commercial landlord-tenant dispute. The question is whether the commercial ten-year lease in this case is enforceable by specific performance, and if not, whether the tenant has a cause of action for damages.
 

 I.
 

 The landlord, NMB Plaza, LLC, is the developer of an office building in North Miami Beach, Florida. While the building was under construction, the landlord signed a ten-year lease with the tenant, Skylake Insurance Agency, Inc. The tenant’s occupancy was to begin ninety days after completion of the building.
 

 There was a written lease which was signed on behalf of the landlord by a member of NMB Plaza, LLC, and on behalf of the tenant by the president and vice president of Skylake Insurance Agency, Inc. There were no witnesses to any of the signatures.
 

 As the building neared completion, the landlord repudiated the lease because there were no witnesses to the signatures. The tenant brought an action for specific performance of the lease and made an alternative claim for damages for fraud. The trial court entered summary judgment for the landlord, and the tenant has appealed.
 

 II.
 

 The first question to be addressed is whether the trial court erred by holding the lease to be unenforceable because of the lack of witness signatures on the lease. The tenant maintains that the lease satisfies the statute of frauds,
 
 see
 
 § 725.01, Fla. Stat. (2003), because the landlord signed it. The tenant argues that since the statute of frauds has been satisfied, the lease is enforceable.
 

 The landlord counters that for a lease of more than one year, there must be a “writing, signed in the presence of two subscribing witnesses by the party ... granting ... such ... term of more than 1 year....” § 689.01, Fla. Stat. (2003).
 
 [1]
 

 689.01 How real estate conveyed. — No estate or interest of freehold, or for a term of more than 1 year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be creat
 
 *177
 
 ed, made, granted, transferred or released in any other manner than by instrument in writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of more than 1 year, or by the party's agent thereunto lawfully authorized, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of more than 1 year, or any uncertain interest of, in, to or out of any messuages, lands, tenements or heredita-ments, shall be assigned or surrendered unless it be by instrument signed in the presence of two subscribing witnesses by the party so assigning or surrendering, or by the party’s agent thereunto lawfully authorized, or by the act and operation of law. No seal shall be necessary to give validity to any instrument executed in conformity with this section. Corporations may convey in accordance with the provisions of this section or in accordance with the provisions of ss. 692.01 and 692.02.
 

 Under its plain language, section 689.01 is applicable to a conveyance of real estate, including a lease of more than a year.
 
 See Fla. Women’s Med. Clinic, Inc. v. Sultan,
 
 656 So.2d 931, 938 (Fla. 4th DCA 1995);
 
 Burch v. Brinkley,
 
 382 So.2d 440, 441 (Fla. 1st DCA 1980);
 
 Tino v. Outdoor Media, Inc.,
 
 242 So.2d 196 (Fla. 3d DCA 1970); 34 Fla. Jur. 2d
 
 Landlord and Tenant
 
 § 32 (2007).
 

 The tenant points out, however, that there is an exception. The last sentence of section 689.01 states, “Corporations may convey in accordance with the provisions of this section or in accordance with the provisions of ss. 692.01 and 692.02.” Sections 692.01 and 692.02 govern conveyances by corporations. The tenant’s reliance on those statutory provisions is misplaced, because the landlord is not a corporation but is instead a limited liability company under the Florida Limited Liability Company Act, chapter 608, Florida Statutes (2003) (“the Act,” or “chapter 608”).
 

 The next question we consider is whether the lease is exempt from the two-witness requirement of section 689.01 because the lease was executed in accordance with requirements of the Act. The Act contains its own provisions regarding the disposition of limited liability company property, including real estate. “Instruments and documents providing for the acquisition, mortgage, or disposition of property of the limited liability company shall be valid and binding upon the limited liability company, if they are executed in accordance with this chapter [608].” § 608.425(3), Fla. Stat. (2003). A lease qualifies as a “disposition” of property of the limited liability company.
 

 Section 608.4235 addresses the authority of limited liability company members, managing members, and managers. Subsection (3) provides;
 

 (3) Unless the articles of organization or operating agreement limit the authority of a member, any member of a member-managed company or manager of a manager-managed company may sign and deliver any instrument transferring or affecting the limited liability company’s interest in real property. The instrument is conclusive in favor of a person who gives value without knowledge of the lack of the authority of the person signing and delivering the instrument.
 

 (Emphasis added). Chapter 608 does not require that the signature be witnessed.
 

 The lease bears the signature of Eli Hadad on behalf of NMB Plaza, LLC as lessor. The lessor’s answer admits that the lease was signed and raises no claim that the lessor’s signature was unauthorized. The lease was therefore executed in compliance with chapter 608.
 

 
 *178
 
 The question, then, is whether the lease must also comply with the two-witness requirement of section 689.01. In accordance with the views of the Real Property, Probate & Trust Law Section of The Florida Bar as amicus curiae, we hold that the answer is yes.
 
 [2]
 

 It is amicus’ view that section 608.4235 spells out who may execute an instrument conveying real property on behalf of a limited liability company. This part of chapter 608 explains which signatures third parties can rely on to convey a limited liability company’s interest in real estate.
 

 Section 689.01, by contrast, governs conveyancing of real estate and imposes the two-witness requirement. The only express exception to section 689.01 is for corporate conveyances made in accordance with sections 692.01 and 692.02, Florida Statutes. There is no exception for limited liability companies. Section 689.01 was therefore applicable here.
 
 See DGG Dev. Corp. v. Estate of Capponi,
 
 983 So.2d 1232, 1233-34 (Fla. 5th DCA 2008).
 

 III.
 

 The next question we address is whether the landlord should be estopped from relying on the two-witness rule of section 689.01 because the landlord drafted the lease, failed to provide signature lines for the landlord’s signature, and failed to have Mr. Hadad’s signature witnessed when Mr. Hadad signed the document. Amicus explains that under some circumstances, estoppel will be applied to preclude a party from invoking section 689.01. In the decided estoppel cases involving leases, the tenant took possession and the landlord accepted the rent. The Florida Supreme Court said in one such case that the lessors were
 

 estopped from contending that the lease here involved is invalid for the reason that it was executed in the presence of only one subscribing witness.... [The lessors] have accepted benefits under the lease, have placed the lessee in possession, have negotiated to convey the lands subject to the lease, and in an all respects have recognized it as being an effective conveyance, and in equity they ought not to be permitted to disavow it now.
 

 Gill v. Livingston,
 
 158 Fla. 577, 29 So.2d 631, 632 (1947);
 
 Taylor v. Rosman,
 
 312 So.2d 239, 241 (Fla. 3d DCA 1975);
 
 Arvan-etes v. Gilbert,
 
 143 So.2d 825, 826 (Fla. 3d DCA 1962);
 
 Lipkin v. Bonita Garden Apartments, Inc.,
 
 122 So.2d 623, 624 (Fla. 3d DCA 1960).
 

 Amicus argues, and we agree, that the bare failure of the landlord to have his signature witnessed does not give rise to an estoppel, because to so hold would in effect render section 689.01 unenforceable. For an estoppel to operate, the tenant must have changed position in more than an insubstantial way. No such facts have been shown here.
 

 Accordingly, we affirm that part of the trial court’s order which denied specific performance because of the lack of two-witness signatures under section 689.01.
 

 IV.
 

 The tenant pled alternative claims for damages for breach of contract and fraud. The trial court entered summary judgment dismissing those claims on the theory that they were barred as a matter of law. We reverse this part of the summary judgment.
 

 Turning first to the breach of contract claim, the parties entered into a fif
 
 *179
 
 teen-page lease which (a) spelled out the terms of the parties’ agreement and (b) was intended to operate as a conveyance of an interest in the leased premises for ten years. The lease complies with the requirements of the statute of frauds.
 
 See
 
 § 725.01, Fla. Stat. (2003). However, it fails as a conveyance of an interest in real estate because of the lack of witness signatures as required by section 689.01.
 

 Amicus states that “under certain circumstances, courts have allowed a party to pursue a claim involving a lease or deed that was defective under section 689.01, if the document otherwise complied with the requirements of section 725.01.” That is the situation here.
 

 The Florida Supreme Court considered a comparable case in which a lease did not comply with the two-witness requirement. The Court said, “While the lease attested by only one witness was not effectual as an executed conveyance of the term, it was effectual as a contract to lease....”
 
 Reed v. Moore,
 
 91 Fla. 900, 109 So. 86, 88 (1926).
 

 Under the logic of
 
 Reed,
 
 the tenant may pursue its breach of contract claim against the landlord. The landlord drafted the lease and signed it, but failed to have his signature witnessed by two witnesses. He could have cured this deficiency at any time, but failed to do so, instead relying on the absence of witness signatures to disavow the contract. The landlord will not be allowed to profit from its own wrong.
 
 See Cabrerizo v. Fortune Int’l Realty,
 
 760 So.2d 228, 229 (Fla. 3d DCA 2000). Stated differently, the landlord breached the implied covenant of good faith and fair dealing.
 
 See Speedway SuperAmerica, LLC v. Tropic Enter., Inc.,
 
 966 So.2d 1, 5 (Fla. 2d DCA 2007).
 

 The landlord argued, and the trial court agreed, that the tenant’s breach of contract claim (as well as the tenant’s fraud claim) were barred as a matter of law. The landlord relied on
 
 Khawly v. Reboul,
 
 488 So.2d 856 (Fla. 3d DCA 1986). That case is not on point, because it involves a contract barred by the statute of frauds.
 
 Id.
 
 at 857. In that case the parties entered into an oral agreement to go into a business together, an agreement which was to extend well beyond one year. That being so, the agreement was barred by the statute of frauds.
 
 Id.
 
 at 858. This court concluded that the plaintiffs claims for breach of contract and fraud were both barred by the statute of frauds.
 
 Id.
 
 at 857 n. 1, 859. That case has no application here, because in this case there is no violation of the statute of frauds.
 

 The landlord also relied on
 
 Hertz v. Salman,
 
 718 So.2d 942 (Fla. 3d DCA 1998). That case likewise was decided under the statute of frauds and is inapplicable here.
 

 The landlord argues alternatively that we should affirm the summary judgment on the fraud claim because as pled, the fraud count fails to state a cause of action. That claim should be ruled on in the first instance by the trial court on remand.
 

 For the stated reasons, we affirm the summary judgment insofar as it denied specific performance of the lease. We reverse the summary judgment insofar as it denied the claims for damages.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
 

 [1]
 

 . The statute states, in its entirely:
 

 [2]
 

 . The Court expresses its appreciation to the Section for submission of its amicus brief.