SAWAYA, J.,
concurring in part, dissenting in part.
This case involves two romantically involved individuals who allegedly agreed to split the proceeds of any lottery tickets they purchased, only to have the eventual winning ticket split their romance. The purchaser of the winning ticket is Lynn Anne Poirier, the Appellee. The claimant of half of the proceeds is Howard Browning, the Appellant. Browning testified at trial that he and Poirier became romantically involved in 1991 and started living together that year. He further testified that in 1993, they entered into an oral agreement to split the proceeds of any lottery tickets they may purchase and that this agreement was to last as long as they remained romantically involved. Some fourteen years after the alleged agreement was made and while the parties were still romantically involved and living together, Poirier purchased the winning ticket, collected one million dollars, and refused Browning’s request for half of the proceeds. The displeased and disgruntled Browning then filed the underlying suit for breach of contract and unjust enrichment seeking half of the proceeds. Poirier denied the existence of any oral agreement to split future lottery proceeds and interposed the defense of the statute of frauds. The trial court directed a verdict in favor of Poirier concluding that if there was an oral agreement, Browning’s claim is barred because the parties intended it to last for far longer than one year. Browning appeals, arguing that factual issues remain that should be resolved by a jury and asks us to reverse the judgment in favor of Poirier and remand this case for a new trial.
The majority holds that the alleged oral contract to share lottery winnings is not barred by the statute of frauds and remands for a new trial only on the issue of whether the oral agreement was entered into by the parties.[2] That holding is based on reasoning that it was possible that the alleged oral contract could have been performed within the statutory one-year performance period and, therefore, the statute does not apply to bar the claim for breach of the agreement. I believe the key factor to determine the applicability of the statute to this alleged oral contract which, as the majority concedes, is for an indefinite period of time, is whether the parties intended that the contract extend beyond the one-year statutory period. What the parties intended is a question that should be left to the jury to resolve.
The statute of frauds is found in section 725.01, Florida Statutes (2007), and provides in pertinent part:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
*982 The courts have consistently applied the rule that when an alleged oral contract is for an indefinite period of time, the determining factor is whether the parties intended the contract to extend beyond the one year statutory period. In Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937), the court explained:
[W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.
Id. at 344. In Lundstrom Realty Advisors, Inc. v. Schickedanz Bros.-Riviera Ltd., 856 So.2d 1117 (Fla. 4th DCA 2003), the court explained that this holding in Yates specifically means that “[w]hen an oral agreement is silent as to time, yet capable of performance within one year, the parties’ intent will control to determine whether the statute of frauds bars enforcement. ...” Id. at 1122 (quoting Yates). In Khawly v. Reboul, 488 So.2d 856, 858 (Fla. 3d DCA 1986), the court interpreted the holding in Yates to mean that “to determine whether the statute of frauds bars enforcement of an oral contract on the ground that it is not to be performed within one year, we look to the intent of the parties.” Id. at 858. Similarly, in Hospital Corp. of America v. Associates In Adolescent Psychiatry, S.C., 605 So.2d 556 (Fla. 4th DCA 1992), the court explained:
In Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937) the court noted: “To make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made.” Id. at 139, 181 So. 341. Yates establishes that the intent of the parties is determinative with regard to the question of whether the contract is to be performed within one year.
Id. at 557.
The courts have construed the statutory language found in section 725.01 “not to be performed within the space of one year” to refer to the express intent of the parties at the time they make the oral contract. See Lundstrom Realty Advisors, Inc., 856 So.2d at 1122 (“[T]o be within, and thus barred by, the provision in the statute of frauds concerning agreements ‘not to be performed within the space of one year from the making thereof,’ it must be shown that neither party’s performance was intended to be complete within one year.”); Hertz v. Salman, 718 So.2d 942, 942 (Fla. 3d DCA 1998) (“The record supports the trial court’s finding that the parties intended that the oral agreement was ‘not to be performed within the space of 1 year from the making thereof.’ ” (quoting section 725.01)); Fla. Pottery Stores of Panama City, Inc. v. Am. Nat’l Bank, 578 So.2d 801, 804 (Fla. 1st DCA 1991) (“To be within, and thus barred by, the provision in the statute of frauds concerning agreements ‘not to be performed within the space of one year from the making thereof,’ it must be shown that neither party’s performance was intended to be complete within one year.”); see also 27 Fla. Jur. 2d Statute of Frauds § 16 (2013) (“The statutory language ‘not to be performed within the space of one year from the making thereof has been construed as referring to the expressed intention and expectation of the parties at the time they contract, and subjection to the statute is not determined by the time circumstance attending the actual performance. Thus, the primary factor in determining whether an oral contract is to be performed within the one-year limitation is the intent of the parties at the time the agreement is made.” (footnotes omitted)).
*983 Therefore, when an oral contract is for an indefinite period, the court must determine whether it was the intent of the parties that the contract be fully performed within one year. The district courts have consistently followed this rule. See LaRue v. Kalex Constr. & Dev., Inc., 97 So.3d 251, 255 (Fla. 3d DCA 2012) (“The intent of the parties is a determinative factor.”); Tydir v. Williams, 89 So.3d 1129, 1132 (Fla. 1st DCA 2012) (holding that the intent of the parties is determinative when deciding whether an oral contract is to be performed within the year limitation period of the statute of frauds); Aspsoft, Inc. v. WebClay, 983 So.2d 761, 769 (Fla. 5th DCA 2008) (“Here, neither the amended complaint nor any of the affidavits demonstrate an intent on the part of the parties that the computer consulting work would not have been completed within one year of the date of the contract. As such, the General Magistrate erred in recommending dismissal of count I based on a violation of Florida’s Statute of Frauds.”); Fla. Pottery Stores of Panama City, Inc., 578 So.2d at 804; Monogram Prods., Inc. v. Berkowitz, 392 So.2d 1353, 1355 (Fla. 2d DCA 1981) (“Where, as here, an oral contract is at issue, the Statute of Frauds does not bar enforcement of that contract if the parties intended for it to be performed within one year.”); First Realty Inv. Corp. v. Gallaher, 345 So.2d 1088, 1089 (Fla. 3d DCA 1977) (“The primary factor to be utilized in determining whether or not an oral contract is to be performed within the one year limitation of the statute is, of course, the intent of the parties.”).
The intent of the parties is a fact question that should be resolved by the finder of fact. See Lundstrom Realty Advisors, Inc., 856 So.2d at 1122 (“On remand, the finder of fact must determine, ‘from the object to be accomplished’ by the agreement and the ‘surrounding circumstances,’ whether the parties intended that the agreement was not to be performed within the space of one year.” (citing Yates and § 725.01, Fla. Stat.)); Collier v. Brooks, 632 So.2d 149, 157-58 (Fla. 1st DCA 1994) (“The parties have taken opposing positions regarding the time in which the agreement was to have been performed and summary judgment is precluded by this factual dispute, the resolution of which will determine whether section 725.01 bars Collier’s damages claim for breach of contract.” (footnotes omitted)); Fla. Pottery Stores of Panama City, Inc., 578 So.2d at 804 (“Since it appears that a factual issue existed concerning the parties’ intent to secure participation within one year, summary judgment based upon the statute of frauds should not have been granted.”); Venditti-Siravo, Inc. v. City of Hollywood, Fla., 418 So.2d 1251, 1253 (Fla. 4th DCA 1982) (“However, if by its terms it is capable of performance within one year, with the intention of the party (a fact issue) being the primary factor, it is not within the Statute.”); Monogram Prods., Inc., 392 So.2d at 1355 (“From the pleadings, affidavits and depositions, it appears' that a factual issue existed as to the intent of the parties as to whether coverage should be procured immediately ....”); see also City of W. Palm Beach v. Stevens, 408 So.2d 698, 699-700 (Fla. 1st DCA 1982) (“Although intent may be inferred from the surrounding circumstances such as the conduct of the parties, cf. Smart v. Brownlee, 195 So.2d 4 (Fla. 4th DCA 1967), it is a question for the trier of fact.”).
In resolving the issue of intent, consideration should be given to the object to be accomplished and the surrounding circumstances. See LynkUs Commc’ns, Inc. v. WebMD Corp., 965 So.2d 1161, 1165 (Fla. 2d DCA 2007) (“In the instant case, it is clear ‘from the object to be accomplished ... and the surrounding circumstances’ that the agreement alleged by LynkUs *984 was intended to ‘extend for a longer period than a year.’ ” (quoting Yates)); see also Tydir, 89 So.3d at 1181 (“In LynkUs, the Second District Court of Appeal concluded it was ‘clear from the object to be accomplished ... and the surrounding circumstances’ that the agreement between the parties at issue was intended to extend for longer than one year. Id. (quoting Yates, 181 So. at 344).”); Collier, 632 So.2d at 158 (“On remand, the trial court must determine, ‘from the object to be accomplished’ by the agreement and the surrounding circumstances, whether ‘it clearly appears that the parties intended that it should extend for a longer period than a year.’ ” (quoting Yates, 181 So. at 344)).
The object to be accomplished was to win the lottery. The circumstances surrounding the alleged oral agreement was that it would last for as long as the parties remained romantically involved. The record reveals that the romantic relationship lasted many years after the date the agreement was allegedly made and that is a factor that can be considered in determining what the parties intended at the time the agreement was made. See Viscito v. Fred S. Carbon Co., Inc., 717 So.2d 586, 587 (Fla. 4th DCA 1998) (“The fact is undisputed that the parties’ oral agreement created a business relationship that lasted over an extended and indefinite period of time. Under the agreement, Carbon had the right to terminate the relationship at any time, and, in fact, did. As such, we believe the trial court correctly concluded that enforcement of the agreement was barred by the Statute of Frauds.”); Rafael J. Roca, P.A. v. Lytal & Reiter, Clark, Roca, Fountain & Williams, 856 So.2d 1, 5 (Fla. 4th DCA 2003) (“[T]he jury was free to look to the subsequent conduct of the parties to ascertain the parties’ intent and the agreement’s meaning.”); Smart v. Brownlee, 195 So.2d 4, 5 (Fla. 4th DCA 1967) (“ ‘Intention’, as the term is used in connection with contracting parties, is an operation of the mind, which, when not clearly expressed, may be demonstrated by conduct.”).
The majority applies the “possible” principle reasoning that it was possible that one of the parties would win the lottery and they would end their relationship within the year performance period. Appellant goes so far as to argue that it was possible that the agreement “could have been completed within 1 year based on the fact that either party could have died during the year....” In Hesston Corp. v. Roche, 599 So.2d 148, 153 (Fla. 5th DCA 1992), this court explained that even if it is possible to perform an alleged oral contract within one year, it must be shown that the parties intended and expected performance within the year. This court stated:
Similarly, in All Brand Importers, Inc. v. Tampa Crown Distributors, Inc., 864 F.2d 748, 750 (11th Cir.1989), a recent case applying Florida law, the Eleventh Circuit Court of Appeals applied the statute of frauds to an oral distributorship agreement of indefinite duration (“as long as Tampa Crown did a good job, its sales continued to grow ...”) that could have been terminated earlier than one year because the evidence showed the parties intended the contractual relationship would last more than one year. See Yates, 181 So. at 344 (where a contract is susceptible of performance within a year and the evidence shows that it was expected to have been performed within that time, it is not within the statute of frauds).
Id. (emphasis in original); see also LaRue, 97 So.3d at 255 (“Therefore, when an agreement is ‘susceptible of performance within a year, and the evidence shows that it was expected to have been performed within that time,’ it is not barred by the statute of frauds.” (quoting Yates, 181 So. *985 at 344)). Hosp. Corp. of Am., 605 So.2d at 557.
Hence, if it was possible to perform the alleged oral agreement in one year, there is no evidence that the parties intended or expected that. To the contrary, it does not take an advanced degree in statistics or mathematics to know that the odds of winning the lottery are very slim and the odds of winning it within a year period are even slimmer. I think it stretches the “possible” principle too far to suggest that two people would enter into an agreement to split lottery winnings intending that they would both win and end their relationship either voluntarily or by death within the year period. At least death is an eventual certainty and the only question is when it will happen. Winning the lottery is an improbability and the only question is whether that will ever happen. I believe that applying the “possible” principle to this case offends the admonition enunciated in Yates and many other cases that “[t]he statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection.” Yates, 181 So. at 344.
The majority remands this case for trial so the jury can decide whether the parties entered into the alleged oral agreement. I think that in order to determine whether the alleged oral agreement was made, the jury will have to determine the terms and conditions of the alleged agreement, including what the parties intended the duration of the agreement to be. Unlike the majority, I believe those findings should determine whether the statute of frauds applies in- the instant case. Finally, I would note that even Appellant requests remand for trial so the jury can decide whether the agreement was entered into and whether the parties intended it to extend beyond the year period.
I, therefore, concur in the decision to reverse the judgment in favor of Poirier and to remand this case for a new trial. Regarding the part of the majority opinion that declares the statute of frauds inapplicable, I respectfully dissent because I believe that is an issue for the trier of fact to decide.

. On remand, the unjust enrichment count of Browning’s complaint will also be resolved.