# Third District Court of Appeal

## State of Florida

Opinion filed December 27, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1337
Lower Tribunal No. 12-12508
_____

## Lazar Leybovich, et al.,
Appellants,

vs.

## SecureAlert, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Marshall Socarras Grant, P.L., and Joe M. Grant (Boca Raton); Cooney Trybus Kwavnick Peets, PLC, and Warren B. Kwavnick and Kelly Lenahan (Fort Lauderdale), for appellants.

Philip D. Parrish, P.A., and Philip D. Parrish; Wilson Elser Moskowitz Edelman & Dicker, and John Y. Benford (Orlando), for appellee.

Before SUAREZ, LAGOA and SCALES, JJ.

SCALES, J.

Lazar, Dovie and Ben Leybovich, the plaintiffs below, appeal an order granting final summary judgment in favor of SecureAlert, Inc., the defendant below, on their claim for breach of contract. The Leyboviches argue that: (i) the trial court's *sua sponte* reconsideration of SecureAlert's, Inc.'s motion for summary judgment violated their due process rights; (ii) the trial court erred, as a matter of law, in finding that their breach of contract action was barred by a release contained in a prior settlement agreement between the parties; and (iii) there are issues of material fact that must be resolved by a jury. Because we agree with the Leyboviches that material issues of fact preclude summary judgment, we reverse the order granting final summary judgment and remand for a trial.[1]

A careful review of the appellate record reveals genuine issues of material fact as to whether: (i) the Leyboviches signed and delivered the December 2007 Stock Redemption Agreements – the agreements on which this breach of contract action is based – to SecureAlert; (ii) the Leyboviches executed and returned their respective stock certificates to SecureAlert pursuant to the December 2007 Stock Redemption Agreements; and (iii) the Leyboviches, by their conduct, are precluded from maintaining this breach of contract action under the doctrines of estoppel and waiver. While Lazar Leybovich's affidavit and interrogatory responses may be scant evidence on these issues, it is nevertheless sufficient

---

[1] We need not, and therefore do not, reach the other appellate issues raised by the Leyboviches.

2

evidence to raise issues of fact so as preclude entry of final summary judgment in favor of SecureAlert on any of these three grounds. See Piedra v. City of N. Bay Vill., 193 So. 3d 48, 51 (Fla. 3d DCA 2016) ("If the record on appeal reveals the merest possibility of genuine issues of material fact, or even the slightest doubt in this respect, the summary judgment must be reversed."); Carnes v. Fender, 936 So. 2d 11, 14 (Fla. 4th DCA 2006) ("Such evidence is sufficient to constitute the scintilla of appreciable evidence required to defeat a motion for summary judgment.").

Accordingly, we reverse the final summary judgment entered in favor of SecureAlert.

Reversed and remanded.