# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0632
Lower Tribunal No. 22-18044-CA-01
_____


**Silvana Capuzzo,**
Appellant,

vs.

**Fred Manuel Joch,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Offices of Shaun M. Zaciewski, P.A., and Shaun M. Zaciewski, for appellant.

Matthew E. Ladd, P.A., and Matthew E. Ladd, for appellee.


Before SCALES, C.J., and MILLER and BOKOR, JJ.

SCALES, C.J.

Appellant Silvana Capuzzo appeals an April 2, 2025 final judgment in which the trial court, after conducting a bench trial, determined that a purported ten-year residential lease between Capuzzo (as tenant) and appellee Fred Manuel Joch (as landlord) was unenforceable.

In January 2020, the parties entered into the lease, which was prepared by Capuzzo, a licensed real estate professional. The trial court correctly concluded that, contrary to the requirements of former section 689.01(1) of the Florida Statutes,[1] the lease agreement lacked two subscribing witnesses and was therefore invalid. See Skylake Ins. Agency, Inc. v. NMB Plaza, LLC, 23 So. 3d 175, 178 (Fla. 3d DCA 2009) (affirming that portion of a summary judgment order concluding that the lease's failure to contain the signatures of two witnesses in violation of section 689.01(1) rendered the subject commercial lease unenforceable).

Notwithstanding the lease's invalidity due to the failure to comply with former section 689.01(1), the trial court allowed Capuzzo to introduce trial evidence on her claim that Joch should be equitably estopped from disavowing the lease and that Joch waived his right to challenge the lease's

---

[1] Prior to its repeal by the Florida Legislature, effective July 1, 2020, this statute provided in relevant part that a residential lease of more than one year, such as the one allegedly contemplated by the parties, must be signed in the presence of two subscribing witnesses. § 689.01, Fla. Stat. (2019).

validity by accepting rent and certain improvements to the leasehold paid for by Capuzzo. In the challenged judgment, the trial court rejected Capuzzo's estoppel and waiver defenses.

Capuzzo argues that we should reverse the judgment because the trial evidence supports her estoppel and waiver arguments. We, however, have not been provided with a trial transcript. Because claims of estoppel and waiver are necessarily fact-based, see, e.g., Leybovich v. SecureAlert, Inc., 237 So. 3d 1104, 1104-05 (Fla. 3d DCA 2017), on this record we are unable to ascertain whether the trial court's factual determinations on estoppel and waiver are supported by competent, substantial evidence. Fla. High School Athletic Ass'n v. Johnson, 279 So. 3d 794, 797 (Fla. 3d DCA 2019) (affirming the trial court's venue ruling and holding that, because "we do not have the benefit of a hearing transcript, we are unable to determine . . . whether the factual determinations made by the trial court at the evidentiary hearing are supported by competent, substantial evidence[.]"). Capuzzo has not overcome the presumption of correctness of the trial court's findings. Joseph v. Henry, 367 So. 3d 1280, 1281 (Fla. 3d DCA 2023). Thus, we are compelled to affirm the challenged judgment.

Affirmed.